UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**99-6089**

CASE NO._____ **CIV-FERGUSON**

EDWARD RESNICK, individually,
ERNST ROSENKRANTZ, individually,
ACCESS NOW, INC., a Florida non-profit
corporation,

   Plaintiff(s),
vs.

WXI/MLN GEN-PAR/W, a Limited
Liability Company, d/b/a
WESTLAND MALL,

   Defendant(s).
_____/

MAGISTRATE JUDGE
SNOW



FILED BY ___ D.C.
99 JAN 22 AM 10: 42
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

## COMPLAINT FOR INJUNCTIVE RELIEF

The Plaintiffs, EDWARD RESNICK, individually, ERNST ROSENKRANTZ, individually, ACCESS NOW, INC., a Florida non-profit corporation (hereinafter referred to as "Plaintiff" or Resnick & Rosenkrantz ), sue the Defendant, WXI/MLN GEN-PAR/W, a Limited Liability Company, d/b/a WESTLAND MALL (hereinafter referred to as WXI), for injunctive relief, attorneys fees and costs pursuant to 42 U.S.C. § 12181, et seq., Americans with Disabilities Act and 28 CFR 36,et seq. implementing the Act (hereinafter referred to as the "Act"), and for their complaint states:

### JURISDICTION AND VENUE

1. This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and § 1343.



2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

## THE PARTIES AND STANDING

5. EDWARD RESNICK and ERNST ROSENKRANTZ, are disabled individuals within the meaning of the Act (28 CFR 36.104). EDWARD RESNICK and ERNST ROSENKRANTZ, ambulate by wheelchair due to physical impairment and are substantially limited in one or more major life activities (28 CFR 36.104). ACCESS NOW, INC., a Florida non-profit corporation, represents the interest of disabled individuals seeking compliance with the Act.

6. EDWARD RESNICK and ERNST ROSENKRANTZ have been subjected to discrimination by the Defendant at its place of public accommodation as more fully

      described below (28 CFR 36.501(a)). RESNICK and ROSENKRANTZ are members of ACCESS NOW, INC.

7. The Defendant, owns; or leases; or leases to; or operates this Shopping Mall which is a place of public accommodation as defined in the Act ( 28 CFR 36.201(a) and 36.104). The defendant is responsible for complying with the obligations of the Act.

## THE INSTANT CLAIM

8. Defendant, WXI is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the Act.

9. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the Act.

10. The Defendant's place of public accommodation which is commonly referred to as WESTLAND MALL, located at 1675 W. 49th St., Hialeah, FL, has subjected Plaintiffs to discrimination on the basis of disability in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below. The circumstances of these discriminatory acts include, but are not necessarily limited to the following:

   a. There is no proper signage in the mall complex as required by ADAAG 4.30 (Americans with Disabilities Act Accessability Guidelines).

   b. The Men's Restroom has sinks with exposed pipes in violation of ADAAG 4.19.4

   c. There is no clear path of travel from disabled parking to the entrance of the mall.

   d. The front entrance doors of the mall exceed the maximum force required for opening doors, pursuant to ADAAG 4.13.11 This includes the entrance doors at the Sears Store and J.C. Penney Store, as well as the entrance doors adjacent to the Warner Bros and Sebastian Store. They all exceed the maximum pull pursuant to ADAAG 4.13.11

   e. There are parking spaces not in compliance with the ADAAG 4.1.2., and with incorrect signage.

   f. Several of the entryways to the mall have lips exceeding three (3) inches in height.

   g. The curb cut adjacent to the mall on the south side exceeds proper slope limitations.

   h. The Men's Bathroom in the mall, while designed for the disabled, has working supplies kept in it as well as a trash can that prohibits disabled persons in a wheelchair from exiting the bathroom.

   i. The drinking fountains in the mall are not accessible pursuant to 4.15.2.

j.  There are tenant spaces in the Mall that are in violation of the ADA, such as but not limited to the following violations: (a) the sales counter at the Vitamin Health Center and Electronic Boutique exceed the permissible height mandated by the ADA.

11. The removal of the above-mentioned barriers is readily achievable and the removal of the barriers can be carried out without much difficulty or expense as defined by the Act.

12. Due to the Defendant's failure to comply with the Act, the Plaintiffs have been discriminated against and will continue to be discriminated against on account of a disability in violation of the Act.

13. The Plaintiffs are obligated to pay reasonable attorneys fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover those attorney's fees, costs and expenses from the defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. All conditions precedent to this action have been performed or said conditions have been waived.

15. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs injunctive relief including an Order to alter the defendant's place of public accommodation so that it will be in compliance with the Act by remedying the violations set forth in the complaint.

**WHEREFORE,** Plaintiffs demand:

a.  A permanent injunction providing for injunctive relief against the defendant including an order to alter the facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the Act or the Federal regulations set out in 28 CFR 36 et seq.

b.  An award of attorney's fees ,costs and litigation expense pursuant to 28 CFR 36.505 and the Act.

c.  Such other relief as the Court deems just and proper.

DATED: _____

                        Fuller Mallah and Associates, P.A.
                        Attorney for Plaintiffs
                        1111 Lincoln Road, Suite 802
                        Miami Beach, FL 33139
                        (305) 538-6483 - Dade
                        (954) 463-6570 - Broward
                        (305) 534-9894 - Fax

By: _____
     JUDD A. ARONOWITZ, ESQ.
     Fla. Bar No.:316148

J:\FMA\A.D.A\ADA-RESNICK\Westland Mall\Westland Mall.complaint.wpd

# CIVIL COVER SHEET  99-6089

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV - FERGUSON**
**MAGISTRATE JUDGE SNOW**

**I (a) PLAINTIFFS**

ACCESS NOW, INC., a Florida not-for-profit corporation, EDWARD RESNICK, individually, and ERNST ROSENKRANKTZ,

**DEFENDANTS**

WXI/MLM GEN-PAR/W, a Limited Liability Company, d/b/a WESTLAND MALL,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

A BROWARD 99CU 6089/WDF/LSS

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Fuller Mallah & Associates, P.A.
1111 Lincoln Road Mall, Suite 802
Miami Beach, FL 33139   (305) 538-6483

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, (BROWARD) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. §12181, seeking injunctive relief for violation of Title III of Americans with Disabilities Act.

**IVa.** ____ days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions * A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION   ☐ UNDER F.R.C.P. 23
DEMAND $ ____
Check YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE ____   DOCKET NUMBER ____

DATE 1-21-99
SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT
FOR OFFICE USE ONLY: Receipt No. 704166   Amount: 150.00
Date Paid: 01/22/99   MNP: ____