UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 99-6089-CIV-FERGUSON
MAGISTRATE JUDGE SNOW



EDWARD RESNICK, individually,
ERNST ROSENKRANTZ, individually,
ACCESS NOW, INC., a Florida non-profit
 corporation,

        Plaintiff(s),

vs.

WXI/MLM/W REAL ESTATE
Limited Partnership, a Delaware
Limited Partnership,

        Defendant(s).
_____/

### AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

The Plaintiffs, EDWARD RESNICK, individually, ERNST ROSENKRANTZ, individually, ACCESS NOW, INC., a Florida non-profit corporation (hereinafter referred to as "Plaintiff" or Resnick & Rosenkrantz ), sue the Defendant, WXI/MLM/W Real Estate Limited Partnership, a Delaware Limited Partnership, (hereinafter referred to as WXI), for injunctive relief, attorneys fees and costs pursuant to 42 U.S.C. § 12181, et seq., Americans with Disabilities Act and 28 CFR 36, et seq. implementing the Act (hereinafter referred to as the "Act"), and for their complaint states:

NON-COMPLIANCE OF S.D. fla. L.R. 5.1.B.

CASE NO · 99-6089-CIV-FERGUSON

## JURISDICTION AND VENUE

1. This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and § 1343.

2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

## THE PARTIES AND STANDING

5. EDWARD RESNICK and ERNST ROSENKRANTZ, are disabled individuals within the meaning of the Act (28 CFR 36.104). EDWARD RESNICK and ERNST

CASE NO · 99-6089-CIV-FERGUSON

ROSENKRANTZ, ambulate by wheelchair due to physical impairment and are substantially limited in one or more major life activities (28 CFR 36.104). ACCESS NOW, INC., a Florida non-profit corporation, represents the interest of disabled individuals seeking compliance with the Act.

6. EDWARD RESNICK and ERNST ROSENKRANTZ have been subjected to discrimination by the Defendant at its place of public accommodation as more fully described below (28 CFR 36.501(a)). RESNICK and ROSENKRANTZ are members of ACCESS NOW, INC.

7. The Defendant owns and operates the Westland Mall which is a place of public accommodation as defined in the Act ( 28 CFR 36.201(a) and 36.104). The defendant is responsible for complying with the obligations of the Act.

## THE INSTANT CLAIM

8. Defendant, WXI is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendant's facility is one which was designed and

CASE NO: 99-6089-CIV-FERGUSON

constructed for first occupancy subsequent to January 26, 1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the Act.

9. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the Act.

10. The Defendant's place of public accommodation which is commonly referred to as WESTLAND MALL, located at 1675 W. 49th St., Hialeah, FL, has subjected Plaintiffs to discrimination on the basis of disability in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below. The circumstances of these discriminatory acts include, but are not necessarily limited to the following:

    a.    There is no proper signage in the mall complex as required by ADAAG 4.30 (Americans with Disabilities Act Accessability Guidelines).

    b.    The Men's Restroom has sinks with exposed pipes in violation of ADAAG 4.19.4

    c.    There is no clear path of travel from disabled parking to the entrance of the mall.

    d.    The front entrance doors of the mall exceed the maximum force required for opening doors, pursuant to ADAAG 4.13.11 This includes the entrance doors at the Sears Store and J.C. Penney Store, as well as the entrance doors adjacent

-4-

CASE NO.: 99-6089-CIV-FERGUSON

        to the Warner Bros and Sebastian Store. They all exceed the maximum pull pursuant to ADAAG 4.13.11

    e.    There are parking spaces not in compliance with the ADAAG 4.1.2., and with incorrect signage.

    f.    Several of the entryways to the mall have lips exceeding three (3) inches in height.

    g.    The curb cut adjacent to the mall on the south side exceeds proper slope limitations.

    h.    The Men's Bathroom in the mall, while designed for the disabled, has working supplies kept in it as well as a trash can that prohibits disabled persons in a wheelchair from exiting the bathroom.

    i.    The drinking fountains in the mall are not accessible pursuant to 4.15.2.

    j.    There are tenant spaces in the Mall that are in violation of the ADA, such as but not limited to the following violations: (a) the sales counter at the Vitamin Health Center and Electronic Boutique exceed the permissible height mandated by the ADA.

11. The removal of the above-mentioned barriers is readily achievable and the removal of the barriers can be carried out without much difficulty or expense as defined by the Act.

12. Due to the Defendant's failure to comply with the Act, the Plaintiffs have been discriminated against and will continue to be discriminated against on account of a disability in violation of the Act.

FULLER MALLAH & ASSOCIATES, P.A., ATTORNEYS AT LAW, PENTHOUSE 802, 1111 LINCOLN ROAD MALL, MAIMI BEACH, FLORIDA 33139-2493, (305) 538-6483

13. The Plaintiffs are obligated to pay reasonable attorneys fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover those attorney's fees, costs and expenses from the defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. All conditions precedent to this action have been performed or said conditions have been waived.

15. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs injunctive relief including an Order to alter the defendant's place of public accommodation so that it will be in compliance with the Act by remedying the violations set forth in the complaint.

**WHEREFORE,** Plaintiffs demand:

a. A permanent injunction providing for injunctive relief against the defendant including an order to alter the facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the Act or the Federal regulations set out in 28 CFR 36 et seq.

b. An award of attorney's fees ,costs and litigation expense pursuant to 28 CFR 36.505 and the Act.

c. Such other relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was on this __13th__ day of April, 1999, mailed to:

CASE NO : 99-6089-CIV-FERGUSON

Sherrie Cohen, Esq.
Holtzman, Krinzman, Equels
 & Furia
2601 South Bayshore Drive, Suite 600
Miami FL 33133

                        Fuller Mallah and Associates, P.A.
                        Attorney for Plaintiffs
                        1111 Lincoln Road, Suite 802
                        Miami Beach, FL 33139
                        (305) 538-6483 - Dade
                        (954) 463-6570 - Broward
                        (305) 534-9894 - Fax

By: _____/Jeffrey C. Bleier pr/_____
      JUDD A. ARONOWITZ, ESQ.
      Fla. Bar No.:316148

J:\FMA\A.D.A\Westland Mall\Pleadings\A'Compalint.wpd

-7-

FULLER MALLAH & ASSOCIATES, P.A., ATTORNEYS AT LAW, PENTHOUSE 802, 1111 LINCOLN ROAD MALL, MAIMI BEACH, FLORIDA 33139-2493, (305) 538-6483