UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EDWARD RESNICK, individually,
ERNEST ROSENKRANTZ, individually,
ACCESS NOW, INC., a Florida
non-profit corporation,

    Plaintiffs,

vs.

WXI/MLM/W Real Estate Limited
Partnership, a Delaware limited
partnership,

    Defendant.

CASE NO. 99-6089-CIV-FERGUSON

Magistrate Judge Snow

## WXI/MLM/W REAL ESTATE LIMITED PARTNERSHIP'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

Defendant, WXI/MLM/W Real Estate Limited Partnership ("WXI"), a Delaware limited partnership, answers the Amended Complaint for Injunctive Relief and states:

1. Defendant admits that Plaintiffs have attempted to allege an action arising from a violation of Title III of the Americans with Disabilities Act, but denies liability therefor. Defendant admits that this Court has original jurisdiction to hear Plaintiffs' claims.

2. Defendant admits that venue lies in the Southern District of Florida as the subject property is located in this judicial district; however, Defendant denies that this matter is properly before the Northern Division in Broward County and states that this action should be heard by the Southern Division in Miami-Dade County of the Southern District.

3. Admitted.

4. Defendant denies the allegations of paragraph 4 in that the subject legislation speaks

CASE NO. 99-6089-CIV-FERGUSON

for itself.

5. Without knowledge.

6. Denied.

7. Defendant admits that it owns Westland Mall which is a place of public accommodation as defined in the Americans with Disabilities Act and further admits that Defendant is subject to the Act. The balance of the allegations are denied.

8. Defendant admits that it, as owner of Westland Mall, is subject to the terms of the Americans with Disabilities Act. The balance of the allegations of paragraph 8 are denied in that the instant Act speaks for itself.

9. Defendant admits that Standards for Accessible Design can be found at 28 C.F.R., Appendix A to Part 36. The balance of the allegations are denied in that the subject regulations speak for themselves.

10. Defendant denies the allegations of paragraph 10 and subparts (a) through (j) in that any alleged ADA violations were being evaluated and addressed prior to the institution of this lawsuit and may not be readily achievable.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendant admits that pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant injunctive relief; however, Defendant denies any liability therefor.

ODMA\GRPWISE\DOMAIN.PO.PO_Library:90709.1

HOLTZMAN KRINZMAN EQUELS & FURIA ATTORNEYS AT LAW 2601 SOUTH BAYSHORE DRIVE MIAMI FLORIDA 33133

17. Any allegation not specifically admitted is denied.

### AFFIRMATIVE AND OTHER DEFENSES

18. Failure to exhaust administrative remedies.

19. Failure to state a cause of action.

20. Lack of standing to bring this action.

21. The removal of architectural barriers, if any, is not readily achievable, not required, or would create an undue hardship on the Defendant.

22. Defendant is not liable for any alleged ADA violations on the premises of Sears, J. C. Penneys and/or Burdines as those stores are self-owned.

WHEREFORE, Defendant demands that this Court dismiss this action with prejudice, award Defendant's attorneys fees and costs together with such further relief that is just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed to Judd A. Aronowitz, Esq., Fuller Mallah and Associates, P.A., 1111 Lincoln Road, Suite 802, Miami Beach, Florida 33139 this 30 day of April, 1999.

HOLTZMAN, KRINZMAN,
EQUELS & FURIA
Attorneys for Defendant
2601 South Bayshore Drive, Suite 600
Miami, Florida 33133
Telephone: (305) 859-7700

By: _____
R. Barbara Wien
Florida Bar No. 511412